# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE KINDER, Jr, | **Case No. 1:16-cv-01764-JLT (PC)** |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY *HECK v. HUMPHRY*, 512 U.S. 477 (1994)** |
| v. | |
| CORTEZ, et al., | **(Docs. 1)** |
| Defendants. | **21-DAY DEADLINE** |

    Plaintiff complains of having been wrongly celled with a with a Hispanic "Northanio" drop-out gang member, Ernie Cortez, at the Merced Sandymush County Jail. Plaintiff alleges that he was in protective housing because his jaw was healing after being wired shut from a prior altercation with another such inmate, who jumped Plaintiff and broke his jaw. When Cortez was placed in the cell with Plaintiff, they spoke and Cortez showed Plaintiff his paperwork which proved that Cortez was not a general population inmate like Plaintiff. "Due to politics and rules," Plaintiff fought Cortez.

    Plaintiff alleges that, in retaliation, he was charged with sodomy. The sodomy charge caused Plaintiff not to be charged with petty theft for which he was arrested, but with "2nd-hand robbery instead" which gave him a strike and a "G.B.I." enhancement on a four year sentence and does not match the police report under which Plaintiff was charged and being held. Plaintiff also alleges that his public defender did not provide him copies of Plaintiff's police report and sent

Plaintiff to Napa State Hospital saying that Plaintiff was not competent for court.  The sodomy charge pushed Plaintiff's court date further off.  Among other things, Plaintiff requests that the strike on his commitment charge be removed and that he be resentenced.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).

The Complaint does not contain any allegations to show that Plaintiff's sodomy charge he received at the Merced Sandymush County Jail and any guilt finding thereunder which increased his commitment charge and enhancements has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

Accordingly, **within 21 days** from the date of service of this order, Plaintiff is **ORDERED** to show cause in writing why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  **Failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

   Dated:   **July 24, 2017**                  **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE