# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE KINDER, Jr.,<br><br>    Plaintiff,<br><br>    v.<br><br>CORTEZ, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01764-JLT<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE SINCE BARRED BY *HECK v. HUMPHREY*, 512 U.S. 477 (1994)**<br><br>**(Docs. 1)**<br><br>**ORDER DIRECTING CLERK TO CLOSE CASE** |

Plaintiff complains of having been wrongly celled with a with a Hispanic "Northanio" drop-out gang member, Ernie Cortez, at the Merced Sandymush County Jail. Plaintiff alleges that he was in protective housing because his jaw was healing after being wired shut from a prior altercation with another such inmate, who jumped Plaintiff and broke his jaw. When Cortez was placed in the cell with Plaintiff, they spoke and Cortez showed Plaintiff his paperwork which proved that Cortez was not a general population inmate like Plaintiff. "Due to politics and rules," Plaintiff fought Cortez.

Plaintiff alleges that, in retaliation, he was charged with sodomy. The sodomy charge caused Plaintiff not to be charged with petty theft for which he was arrested, but with "2nd-hand robbery instead" which gave him a strike and a "G.B.I." enhancement on a four-year sentence and does not match the police report under which Plaintiff was charged and being held. Plaintiff also

1

alleges that his public defender did not provide him copies of Plaintiff's police report and sent Plaintiff to Napa State Hospital saying that Plaintiff was not competent for court. The sodomy charge pushed Plaintiff's court date further off. Among other things, Plaintiff requests that the strike on his commitment charge be removed and that he be resentenced.

Notably, Plaintiff was found to have committed the rules violation prohibiting sodomy. However, he has not demonstrated that his commitment charge or the enhancements have been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Thus the Court ordered Plaintiff to show cause why this action is not barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). (Doc. 17.) Plaintiff filed a response in which he reiterates most of the allegations in his Complaint, but continues to fail to show that his increased commitment charge and enhancements have been reversed, expunged, invalidated, or questioned by a writ of habeas corpus.

As stated in the OSC, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). Since Plaintiff fails to provide any basis to find that his increased commitment charge and enhancements have been reversed, expunged, invalidated, or questioned by a writ of habeas corpus, he is barred from pursuing his claims under § 1983 at this time.

///
///
///
///

2

1 | Accordingly, this action is **DISMISSED without prejudice**. The Clerk of the Court is
2 | directed to close the case.
3 |
4 | IT IS SO ORDERED.
5 |     Dated: **August 4, 2017**             **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE